IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ISIAH DAVIS, AIS 280329, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-00178-BL-CWB |
| | ) | |
| DEONTIE L. CHANEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Motions to Dismiss filed by the Alabama Attorney General (Doc. 57) and Defendants Norman, Lynn,[1] and Lamar (Doc 58). For the reasons below, the motions will be **GRANTED**.

## I.    FACTS AND PROCEDURAL HISTORY

On March 19, 2024,[2] Davis filed a Complaint under 42 U.S.C. § 1983 against Officer Deontie Chaney. (Doc. 1 at 1-5). Davis alleged that on June 26, 2023, he was

---

[1] The docket in this case reflects that "Lt. Lynn" and "Capt. Walton" are defendants in this action. However, Defendant Lynn and Defendant Walton are the same individual (*See* doc. 1 at 2 (listing this defendant as "Lt. Lynn (now Capt. Walton)")). The Clerk will be directed to correct the docket accordingly.

[2] Davis's § 1983 petition was received by the court on March 20, 2024. (Doc. 1 at 1). However, Davis's petition appears to have been mailed on March 19, 2024. *Id.* at 3. Pursuant to the "prison mailbox rule," the court will treat March 19, 2024, as the filing date, and Davis's filing dates listed elsewhere in this order will refer to the date the document was mailed. *See, e.g., Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008); *see also Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

standing in front of the day room window when Officer Chaney came up to him, punched him in the face for no reason, and knocked him to the floor. *Id.* at 2–3. He asserted that the power from the punch put a deep cut in his forehead requiring stitches. *Id.* He claimed that his face would be scarred for life. *Id.* at 2. Davis stated that "INI" came to see him after the incident, told him they watched the camera footage, and saw that Davis did nothing to cause Chaney to hit him. *Id.* at 3. Davis alleged that the "camera and photos" would support his grounds for relief. *Id*. Davis sought $350,000 in monetary damages and to be released from prison if possible. *Id.* at 4.

After Davis filed his Complaint, Defendant Chaney was unable to be served at the address Davis provided. (*See* doc. 12). Accordingly, on July 25, 2024, the court entered an order requiring counsel for the Alabama Department of Corrections to advise whether it would accept service for Defendant Chaney or provide the Court with his last known home or employment address. (Doc. 15). Because Chaney was no longer an ADOC employee, ADOC's counsel provided the Court with Chaney's last known home address under seal. (Docs. 18, 19). The court directed the Clerk of Court to serve Chaney at that address by certified mail, but the service was unsuccessful. (Docs. 20, 21). The court then issued an order requiring Davis to show cause why the case should not be dismissed under Rule 4(m) of the Federal Rules of

2

Civil Procedure.[3] (Doc. 22). Davis sought an extension of time to serve Chaney (*see* docs. 24), after which the court ordered the U.S. Marshals Service to attempt to serve Chaney at his last known address (*see* doc. 26). The U.S. Marshals Service was also unsuccessful at serving Chaney. (Doc. 27).

On May 16, 2025, the court issued a second order explaining the requirements of Rule 4(m) and requiring Davis to provide a new service address for Chaney by June 6, 2025. (Doc. 29). In response, and instead of providing a new service address, on May 24, 2025, Davis submitted a motion for leave to amend with a proposed amended complaint removing Chaney as a named defendant and asserting claims solely against the Attorney General. (Doc. 33). As grounds for the amended complaint, Davis stated, "[d]ue to the inability of the court to locate Deontie L. Chaney, a former officer of Bullock Correctional Facility, the respondent in the amended complaint . . . is the Alabama Attorney General." *Id*.  This court granted Davis's motion for leave to amend. (*See* Docs. 34 & 35).

In the Amended Complaint, Davis reiterated that on June 26, 2023, Chaney used force by hitting him on the left side of his forehead, causing a severe cut to his face which left a scar. (Doc. 35 at 1). He alleged that he had headaches and "sharp pain" where he was hit. *Id*. Davis stated that after he was hit, "Lt. Lynn and Captain

---

[3] Rule 4(m) of the Federal Rules of Civil Procedure provides that, if a defendant is not served within 90 days after a complaint is filed, the Court must order that service be made within a specified time or dismiss the defendant without prejudice after notice to the plaintiff.

Norman took [him] to the medical unit to get a body chart and to get a nurse to stop the bleeding until he got stitches" later that morning. *Id*. He claimed that someone from "I&I" came to see him and asked if he wanted to press charges, to which Davis said he did. *Id*. Davis asserted that ADOC has a "hands-off policy" and that Chaney violated the policy by putting his hands on him. *Id*. at 2. He sought $350,000 in monetary damages for pain and suffering due to the cruel and unusual punishment he suffered and to be released from prison if possible. *Id*. The Attorney General was the only defendant named in the Amended Complaint.

On June 30, 2025, the Attorney General filed a Motion to Dismiss for failure to state a claim upon which relief could be granted, as "no specific allegations [were] asserted in the amended complaint against the Attorney General, and no relief appear[ed] to be sought from him." (Doc. 39 at 2–8). In response, on July 19, 2025, Davis filed a motion for leave to amend his Complaint for a second time, stating that this was his first time filing a § 1983 complaint *pro se* and that he was misled by someone who claimed they knew what they were doing. (Doc. 45 at 1). He apologized for naming the Attorney General as a defendant and explained that he would like to file his complaint against Warden Lamar, Lt. Lynn, Capt. Norman, and Chaney. *Id*. at 2–3. The court granted Davis's motion. (*See* Doc. 50).

Davis filed his Second Amended Complaint ("SAC"), now the operative complaint in this action, on November 10, 2025, against Defendants Chaney,

4

Norman, Lynn, and Lamar. (Doc. 52 at 1–2, 5). He alleged that (1) Chaney "brutally assaulted" him, violating his right to equal protection under the Fourteenth Amendment; (2) Norman did not allow him to be taken to the hospital right away and he continued to bleed profusely; and (3) Lynn and Lamar did not do their jobs according to the "standard operating procedures," as Lynn did not reprimand Chaney for what he did and Lamar did not respond to the grievance he filed in March of 2024.[4] *Id.* at 2-3. Davis again sought $350,000 in monetary damages and to be released from prison. *Id.* at 4.

Based on the filing of the SAC, the court denied the Attorney General's first Motion to Dismiss as moot. (Doc. 53). The Attorney General then filed a motion seeking dismissal of Davis's SAC based on his failure to name him as a defendant or state allegations against him. (Doc. 57 at 6-7). Defendants Norman, Lynn, and Lamar also filed a motion to dismiss the SAC, arguing that Davis failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) and that his claims against them are time-barred by the applicable statute of limitations.[5] *Id.* at 2-4.

---

[4] Davis alleges in his second Amended Complaint that he filed his grievance with Defendant Lamar on March 6, 2024. (Doc. 52 at 3). However, the grievance attached to Doc. 63 has a grievance date of March 1, 2024. (Doc. 63-1 at 2).

[5] The Court notes that the Attorney General represents only these three defendants, as Defendant Chaney still has not been served. (*See* Doc. 58).

This court issued an order requiring Davis to show cause why the Defendants' motions should not be granted. (*See* Doc. 60). In response, Davis argued that the motions should not be granted because his case had been in court for two years, everything he alleged was based on true facts, and the only thing he did wrong was make the Attorney General a part of the lawsuit. (Doc. 61 at 1). Davis clarified that all his claims against the Defendants arose from violations of his Fourteenth Amendment equal protection rights. *Id.* at 1-2. The Defendants then filed a reply to Davis's response, to which Davis filed an additional response (docs. 62, 63), and the Defendants' motions are now ripe for review.

## II.    DISCUSSION

This court accepts Davis's allegations as true and construes his complaint in his favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted).  In ruling on any motion

to dismiss filed in response to a complaint, the court can consider only the allegations contained in the complaint; it cannot consider factual allegations asserted in a response to a motion to dismiss. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (internal quotation omitted).

### A.   Defendant Attorney General

As the Attorney General noted in his Motion to Dismiss, Davis's second Amended Complaint does not list the Attorney General as a defendant or make claims against him. Even accepting all allegations in the SAC as true and construing them in Davis's favor, *Hishon*, 467 U.S. at 73, there are no facts alleged "to state a claim to relief that is plausible on its face" against the Attorney General. *Twombly*, 550 U.S. at 555. Further, Davis readily concedes that he added the Attorney General by mistake and that he wishes to assert claims only against Defendants Norman, Lynn, Lamar, and Chaney. (*See* docs. 52 & 57).  Accordingly, the Attorney General is due to be dismissed as a defendant in this action.

### B.   Defendants Norman and Lynn

Defendants Norman and Lynn contend that Davis's claims against them are barred by the applicable statute of limitations. "All constitutional claims brought under § 1983 are tort actions and, thus, are subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been

brought." *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 872 (11th Cir. 2017). In Alabama, that applicable statute of limitations is two years. *Id.* (citing Ala. Code § 6-2-38). The cause of action in this case accrued on June 26, 2023, when Chaney allegedly assaulted Davis, and that is the date on which Davis alleges Norman did not allow him to be taken to a hospital "right away" and Lynn did not reprimand Chaney according to standard operating procedure. (Doc. 52 at 2–3). Thus, Davis had until June 26, 2025, to file a complaint asserting claims arising out of the alleged assault by Chaney. Davis filed his initial Complaint on March 19, 2024, within the statute of limitations, but the SAC was filed on November 14, 2025. Even if the court were to deem the second amended complaint filed on the date Davis first sought leave to file a second amended complaint, his motion was filed on July 17, 2025, after the statute of limitations had expired. (*See* doc. 45 at 4.)

Pursuant to Rule 15(c), an amended complaint will relate back to the original complaint—and avoid dismissal based on the statute of limitations—if the defendant to be added had the requisite knowledge and notice of the original action as set forth in Rule 4(m) so that they would not be prejudiced in defending the case on the merits. FED. R. CIV. P. 15(c)(1)(C)(i). In addition, the newly added defendant must have known that the action would have been brought against them but for a mistake concerning the proper party's identity. FED. R. CIV. P. 15(c)(1)(C)(ii). The "critical issue in Rule 15(c) determinations is whether the original complaint gave notice to

8

the defendant[s] of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).

Here, Defendants Norman and Lynn were not mentioned in the original Complaint—not in the caption, the list of defendants, or anywhere in the allegations. (*See* doc. 1). Likewise, they were not listed in the caption or named as defendants in the first Amended Complaint. (Doc. 35.) While Davis mentioned them in the recitation of the facts in the first Amended Complaint, those facts are completely different than the facts in the SAC. Indeed, in the first Amended Complaint, Davis states only that Defendants Lynn and Norman took him to the medical unit after he was injured in order to get a body chart and get a nurse to stop the bleeding. *Id*. at 1. There are no allegations of any wrongdoing whatsoever by Defendants Norman and Lynn in the first Amended Complaint, so as to put them on notice of any claims being asserted against them by Davis. Therefore, the claims against them in the SAC do not relate back to the original Complaint and are time-barred, and Defendants Norman and Lynn are due to be dismissed.

## C.    Defendant Lamar

While Defendant Lamar asserts that the claims against him are also time-barred by the statute of limitations, Davis's claims against Lamar arise from unanswered grievances that Davis filed on March 6, 2024. Thus, the SAC filed November 14, 2025, was filed within the applicable limitations period and is timely.

9

Nonetheless, Lamar's Motion to Dismiss will be granted for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

A complaint fails to state a claim upon which relief can be granted if it does not include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). Here, Davis alleges that he filed a grievance on March 6, 2024, "ask[ing] to speak to Warden Lamar but [Lamar] never responded." (Doc. 52 at 4). Davis argues Lamar did not follow "standard operating procedure," which violated his Fourteenth Amendment right to equal protection.

To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, an inmate must allege that other similarly-situated inmates received more favorable treatment and that his discriminatory treatment was based on some constitutionally protected interest, such as race. *Jones v. Ray,* 279 F.3d 944, 946 -947 (11th Cir. 2001). The SAC contains no allegations that would satisfy these elements. And while a court must generally give *pro se* plaintiffs an opportunity to amend his complaint before dismissal, it need not do so if amendment would be futile. *Tuggerson v. Tatti*, No. 25-10781, 2026 WL 822186, at *1 (11th Cir. Mar. 25, 2026) (citing *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (explaining district courts can dismiss a *pro se* complaint with prejudice if amending the complaint would be futile, and amending a complaint would be futile when the

pro se party could not state a viable claim even if the court gave him leave to amend his complaint).

Here, Davis has already been given two opportunities to amend his complaint, and any amendment against Defendant Lamar would be futile because an inmate has no constitutionally protected interest in a grievance procedure. *Mathews v. Moss*, 506 Fed. Appx. 981, 984 (11th Cir. 2013) (stating that "a prison grievance procedure does not provide an inmate with a constitutionally protected interest") (internal quotations and citations omitted); *see also Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory") (internal quotations and citations omitted). Thus, any amendment based on Lamar's alleged failure to respond to a grievance would be futile, and Lamar is due to be dismissed from this action.

### D.    Defendant Chaney

This action has been pending for over two years. Davis is aware that Defendant Chaney no longer works at Bullock Correctional Facility, that Chaney could not be served there, that the court asked the Department of Corrections to provide his last known home address, and that multiple attempts by the Clerk's Office and U.S. Marshal's Service to serve Chaney were unsuccessful. The court has issued two orders explaining the need to have an accurate service address for Chaney

and the requirements of Rule 4(m) of the Federal Rules of Civil Procedure. (*See* docs. 22, 29). Nevertheless, when Davis filed the SAC, the service address he listed for Chaney was the same address listed in his original complaint—the Bullock Correctional Facility. (*See* doc. 52 at 2 and doc. 1 at 2). Based on Davis's knowledge that Chaney cannot be served at this address and his failure to provide a new service address when filing the SAC, despite multiple warnings that this case would be dismissed if Davis did not provide an updated service address for Chaney, the court concludes that all claims against Chaney are due to be dismissed.[6]

### III.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

1.    The Motion to Dismiss filed by the Attorney General (doc. 57) is **GRANTED** and the Attorney General is **DISMISSED** without prejudice based on

---

[6] In reaching this conclusion, the court has considered that Davis will be unable to refile his claims against Chaney due to the expiration of the statute of limitations, so that a dismissal of Chaney without prejudice will operate as a dismissal with prejudice. However, dismissal is warranted due to Davis's failure to timely serve Chaney and failure to comply with two orders requiring an updated service address for Chaney. Instead of providing a new service address in response to the court's orders, Davis avoided the need to comply by filing an amended complaint that omitted Chaney as a defendant. (*See* docs. 22, 29, and 35). When it became evident that the amended complaint was subject to dismissal, Davis filed a second amended complaint adding Chaney as a defendant but failing to provide an updated service address. (*See* docs. 1 at 2 and 52 at 2). Although the court did not issue a third Rule 4(m) order after the SAC was filed, Davis was aware when he filed the SAC that Chaney could not be served at the address listed in the SAC, that multiple attempts to serve Chaney by the Clerk's office and U.S. Marshals Service were unsuccessful, and that Chaney could not be served without a new address. Thus, the court concludes that any sanction lesser than dismissal would not suffice.

Davis's failure to make factual allegations or assert any claims against him in the Second Amended Complaint.

2.      The Motion to Dismiss filed by Defendants Norman and Lynn (doc. 58) is **GRANTED**, and these Defendants are **DISMISSED** with prejudice for failure to state a claim on which relief can be granted.

3.      The Motion to Dismiss filed by Defendant Lamar (doc. 58) is **GRANTED**, and this Defendant is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted.

4.      All claims against Defendant Chaney are **DISMISSED** without prejudice for Davis's failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

5.      The Clerk is **DIRECTED** to remove "Capt. Walton" as a defendant on the docket in this action, as the Second Amended Complaint reflects that this is the same individual as Defendant Lynn.

A final judgment will issue separately.

**DONE** and **ORDERED** on this the 29th day of July, 2026.

**BILL LEWIS**
UNITED STATES DISTRICT JUDGE